UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAUREEN CHAMPION,

                    Plaintiff,

      -against-

CVS ALBANY, LLC,

                    Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
22-CV-7748 (JMA) (ST)

FILED
CLERK

3:17 pm, Feb 03, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Maureen Champion ("Plaintiff") filed a verified complaint in New York State Supreme Court on December 14, 2021 asserting state law tort claims. Defendant CVS Albany, LLC ("Defendant") removed the case to federal court on December 20, 2022. Plaintiff now seeks to remand this action back to state court on the ground that Defendant's removal was untimely. For the reasons stated below, Plaintiff's motion for remand is granted.

## I.  BACKGROUND

The verified complaint alleged that, on March 11, 2020, Plaintiff was injured at a CVS Pharmacy in Freeport when an empty display platform that extended too far into the aisle caused her to fall and suffer injuries. (See Comp. ¶¶ 7–9.) The complaint did not specify an amount of damages and, instead, simply alleged that "plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction. (Id. ¶ 14.)

After Plaintiff filed her verified complaint in state court on December 14, 2021, she served Defendant, via the Secretary of State, on December 27, 2021. On June 9, 2022, Defendant filed and served its answer along with various discovery demands, including its request for a bill of particulars and its ad damnum request pursuant to N.Y. C.P.L.R. § 3017(c). The ad damnum request demanded that Plaintiff identify the total damages sought by Plaintiffs within 15 days.

1

The parties engaged in settlement discussions and attended a mediation hearing on July 13, 2022. In advance of the hearing, Plaintiff's counsel sent defense counsel a mediation statement on July 4, 2022.

Plaintiff's mediation statement detailed the treatment Plaintiff received and identified her various claimed injuries, including a fractured clavicle, back injuries, and a partial right rotator cuff tear. The mediation statement also identified: (1) a claim for lost wages of $728,000, based on Plaintiff no longer being able to work until age 65; (2) a health insurance lien claim for $11,536.77; and (3) a claim for out-of-pocket co-pays totaling $3,817.15. According to the mediation statement, prior to the injury, Plaintiff worked as a salon manager, earning $50,000 per year. At her job, she was required to climb ladders in the store to take out supplies and had to carry up to fifty pounds. Plaintiff had worked in similar positions for the last seven years. The mediation statement explained that Plaintiff had not returned to work since suffering her injury. Although the salon was closed for three months due to the COVID-19 pandemic, Plaintiff alleged that, after the three-month closure, she was unable to return to work because she cannot lift the required weight or stand for hours due to back pain.

Plaintiff's counsel maintains that she did not immediately respond to Defendant's discovery requests given the parties' ongoing settlement discussions. Ultimately, the parties were unable to settle the case.

On September 13, 2022, defense counsel emailed Plaintiff's counsel courtesy copies of all of Defendant's discovery demands. That same day, Plaintiff's counsel emailed defense counsel, indicating that she would respond in 30 days. Plaintiff, however, failed to meet this deadline. On November 3, 2022, the parties participated in a Preliminary Conference in state court. That same

day, the court issued—apparently on the consent of both parties—a scheduling order that required Plaintiff to respond to Defendants' discovery demands by December 3, 3022.

On November 17, Plaintiff served her Verified Bill of Particulars and other discovery responses, which Defendant received on November 22, 2022. The Bill of Particulars identifies more than $75,000 in alleged damages, including: (1) $150,000 in prior lost wages; (2) continuing lost wages; and (3) special medical damages totaling at least $50,000. While Plaintiff did not provide a response to Defendants' ad damnum request, Plaintiff's Bill of Particulars clearly identified that Plaintiff was seeking more than $75,000 in damages.

On December 20, 2022, Defendant filed its Notice of Removal. This was more than one year after the action was filed in state court on December 14, 2021, but less than 1 year after the date—December 27, 2021—when Defendant was served with the complaint.

Plaintiff then filed a timely motion to remand this action back to state court.

## II. DISCUSSION

### A. Legal Standards

#### 1. Relevant Provisions of 18 U.S.C. § 1446

A district court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. § 1332(a)(1). A defendant seeking to remove a civil action from state court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," the 30-day clock does not begin to run until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

3

removable." Id. § 1446(b)(3). Section 1446 also states that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3).

In addition to the 30-day deadline to file a removal petition set out in § 1446(b)(3), there is also an overarching one-year deadline for a defendant to remove a case based on diversity jurisdiction. Section 1446(c)(1) states that: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

**2. Analysis**

Plaintiff seeks remand on the ground that Defendant failed to remove this action within the prescribed 30-day limit set forth in 28 U.S.C. § 1446(b). Plaintiff asserts that her July 4, 2022 mediation statement qualifies as an "other paper" under 28 U.S.C. § 1446(b)(3), and that, as such, Defendant knew, on July 4, 2022, that Plaintiff was claiming damages over $75,000. Thus, Plaintiff argues that the 30-day removal clock began when Defendants received the mediation statement on July 4, 2022, which would render Defendants' notice of removal untimely.

Defendant asserts—without citation to any supporting authority or advancing any textual argument based on the language of § 1446—that a mediation submission cannot constitute an "other paper." The Court disagrees and finds that the July 4, 2022 mediation submission constitutes an "other paper" and, thus, can trigger the 30-day window for Defendant to remove the case under § 1446. Courts have found that settlement demands can constitute an "other paper"

4

under § 1446.  See Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) (finding that post-complaint settlement demand letter constituted "an 'other paper' under § 1446(b) which gave [defendant] notice that the case was removable" and that defendant's failure to remove the case within thirty days of receiving the letter rendered the notice of removal untimely); see also Vermande v. Hyundai Motor Am., Inc., 352 F. Supp. 2d 195, 200 (D. Conn. 2004) ("Although the Second Circuit has not addressed this issue, most courts have held—and this Court agrees—that § 1446(b) is not limited to papers filed in the litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties, including, as here, settlement offers."); Mitilinios v. Costco Wholesale Corp., No. 17-CV-5306, 2018 WL 941715, at *3 (E.D.N.Y. Jan. 31, 2018) (report and recommendation), adopted by, 2018 WL 948753 (E.D.N.Y. Feb. 15, 2018) (finding oral settlement demand insufficient, but noting that courts have found written settlement demands sufficient to trigger the 30-day removal clock.).  Courts have treated submissions involving mediation similarly.  See Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007).

  The Court also finds that the mediation statement included sufficient factual allegations to indicate that more than $75,000 was in controversy.  Defendant maintains—again without citation to any relevant supporting authority—that the mediation submission is not a reliable indicator of the amount in controversy because:  (1) "a submission to a mediator will contain inflated damages and exaggerated injuries in order to attempt to garner a higher settlement amount"; and (2) "the exaggerated settlement demand in plaintiff's submission does not provide explicit facts that establish removability, rather it merely provides approximated amounts of damages that were wholly unsubstantiated."  (Def.'s Opp'n ¶¶ 19–20.)

5

This argument is not persuasive. The mediation statement set out Plaintiff's various alleged injuries. It also asserted that Plaintiff—who had an annual salary of $50,000—was unable to return to work due to her injuries and that two years after the accident she was still out of work. In addition to Plaintiff's lost wages, the mediation statement also identified damages of future lost earnings that exceeded $600,000 as well as medical liens and expenses of approximately $15,000.[1] To the extent that it is appropriate to look behind the damages amounts identified in Plaintiff's mediation submission, the factual allegations in the mediation statement were sufficient to establish that the damages demand was supported by adequate factual details to indicate that the amount in controversy exceeded $75,000.

Defendant's reliance on Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010), and Brumfield v. Merck & Co., No. 17-CV-6526, 2018 WL 1955216, at *4 (E.D.N.Y. Apr. 25, 2018), is misplaced. While the complaints in those cases did not identify the amount of alleged damages, the plaintiffs in those cases—unlike the Plaintiff here—did not subsequently identify an amount of alleged damages in a mediation submission or other settlement demand. Moreover, Plaintiff's mediation submission here satisfied Moltner's requirement that the "paper" at issue "explicitly specifies the amount of monetary damages sought." Moltner, 624 F.3d at 38.

Even assuming arguendo that the mediation statement was somehow insufficient to trigger the 30-day removal window, the removal notice was also untimely under § 1446(c)(1). Because Plaintiff's suit was filed in state court on December 14, 2021, Defendant had to file its notice of removal by December 14, 2022 in order to avoid Section 1446(c)(1)'s one-year deadline for removals premised on diversity jurisdiction. Because Defendant failed to file its notice by the one-year deadline, removal was improper.

---

[1] It would not even be necessary to rely on Plaintiff's claim for future lost earnings because her lost earnings from June 2020 until July 2022 already exceeded $75,000.

6

Defendant maintains that the notice of removal was timely because it was filed less than over year after Defendant was served with the Verified Complaint.  However, § 1446(c)(1) states that the one-year time period runs from "the commencement of the action."  "Commencement" means the filing of the action, not service of the complaint.  The language in § 1446(c)(1) differs from the language in § 1446(b), which keys the 30-day deadline for removal to "service" of various filings, such as the summons or complaint.  The cases that Defendant cites are inapposite because they involve § 1446(b), which uses different language than § 1446(c)(1).[2]

Defendant also contends that § 1446(c)(1)'s one-year bar should not apply because Plaintiff allegedly "acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In Martinez v. Yourdy, Judge Cogan summarized how courts have analyzed claims of bad faith under § 1446(c)(1), explaining that:

> Although the Second Circuit has not yet interpreted the scope of the amended § 1446(c)(1), courts have relied on the timing of a plaintiff's actions and the nature of the action itself to determine whether a plaintiff's actions were made in bad faith for the purpose of preventing removal to federal court.  Where a plaintiff has taken action in close proximity to a defendant's time to remove and the actions do not appear to be justified, the court has inferred that such steps were taken in order to prevent defendant from removing.  Conversely, even where delay in defendants' removal could be traced to plaintiff's actions, courts have declined to excuse an untimely removal where plaintiff's actions did not evince a specific desire to prevent removal.

Martinez v. Yordy, No. 16-CV-005, 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016) (citations omitted).

---

[2] The original version of § 1446(b) provided that "[t]he petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351 (1999) (citing Act of June 25, 1948, 62 Stat. 939, as amended, 28 U.S.C. § 1446(b)) (emphasis added).  This provision is further proof that the phrase "commencement of the action" is not interchangeable with "service."

District courts in this circuit routinely require a defendant to establish the plaintiff's bad faith by clear and convincing evidence. Kozlova v. Whole Foods Mkt. Grp., Inc., No. 20-CV-6025, 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021). Whether the appropriate burden of proof is clear-and-convincing evidence or the preponderance standard, Defendant has failed to meet its burden here.

The Court does not find that Plaintiff acted in bad faith or specifically intended to prevent removal. Critically, pursuant to the state court's November 3, 2022 scheduling order, Plaintiff's discovery responses were not due until December 3, 2022. Plaintiff, however, decided to serve her Bill of Particulars—which explicitly reaffirmed that she was seeking more than $75,000 in damages—two weeks early. This early service of the Bill of Particulars—which left Defendant with 23 days in which to file a notice of removal—defeats Defendant's claim of bad faith. Moreover, the Court does not find that Plaintiff's earlier delays constitute bad faith or indicated an intent to prevent removal.

Accordingly, the bad faith exception does not apply and the notice of removal was untimely under § 1446(c)(1).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for remand is granted. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York, Nassau County. **SO ORDERED.**

Dated: February 3, 2023
      Central Islip, New York

                                                    /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE